IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. | NO. 11-162 and |
| : | NO. 11-223-2 |
| HASSAN CARNEY | |
| a/k/a WILLIE TIMMONS[1] | |

**MEMORANDUM**

**Jones, II   J.**                                                                                                   **May 20, 2015**

### I.   Introduction

Petitioner Hassan Carney brings the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  In doing so, Petitioner raises three issues for the court's consideration: (1) trial counsel's alleged ineffectiveness; (2) the propriety of a sentencing enhancement; and, (3) the reasonableness of the sentence imposed by this Court.  For the reasons set forth herein, Petitioner's Motion shall be denied.

### II.   Factual and Procedural History

Petitioner was indicted for his involvement in two cases that were consolidated solely for purposes of sentencing before this Court.  The first case—originally assigned to this Court—involved a charge of Possession of a Firearm by a Convicted Felon (Crim. No. 11-162).  Approximately one month later, Petitioner—also known as "Willie Timmons"—was charged along with fifteen other defendants in a credit card/bank fraud ring (Crim. No. 11-223-2).  Said matter was assigned to the Honorable Gene E.K. Pratter.  Petitioner ultimately pled guilty in both

---

[1]  Petitioner has also used the names "Willie Timmons Carney," "Boo Boo," and "Shawn Timmons."  (223 Plea Hr'g Tr. 4:1-25; 5:1-2, 17-25; 6:1-4, November 18, 2011.)

cases and was later sentenced by this Court to an aggregate term of ninety-six (96) months imprisonment, followed by five (5) years' supervised release. Petitioner was also ordered to pay a Seven Hundred Dollar ($700.00) Special Assessment fee and restitution in the amount of Three Hundred Sixteen Thousand Eight Hundred Twenty-Nine Dollars and Twenty Cents ($316,829.20). This Court waived the fine for Petitioner.

Prior to sentencing, the government motioned for two enhancements; one regarding the unauthorized transfer or use of identification and the other regarding a leadership role in the conspiracy ring. The government subsequently agreed it would not pursue the leadership enhancement.[2] After reviewing all pertinent documentation and considering arguments presented by both sides, this Court determined that the unauthorized transfer enhancement was applicable. Accordingly, Petitioner's offense level was adjusted to 22. With a criminal history category of VI, the suggested sentencing range became 84 to 105 months' imprisonment.

### III.   Discussion

With the exception of the discretionary aspect of the ultimate sentence imposed for both cases, all of Petitioner's claims pertain to Crim. No. 11-223 ("223 case") and shall be discussed and cited accordingly.

#### A.   Preclusive Effect of Plea Agreement

As a preliminary matter, Petitioner is barred from raising the instant claims by reason of his plea agreement. The Third Circuit recognized this fact when it summarily denied Petitioner's Appeal. (USCA Order, ECF No. 537.) At the time of Petitioner's plea hearing in the 223 case, the following exchange occurred between Petitioner and the Honorable Gene E. K. Pratter:

> Court:   Do you understand that by pleading guilty, though, you are giving up your right to a further - - any kind of a further

---

[2] (Sentencing Tr. 9:20-25; 10:1-12, December 5, 2012.)

| | |
|---|---|
| | proceedings or any kind of an appeal following a conviction? |
| Petitioner: | Yes, Ma'am. |
| Court: | And that means now that the only appeal you can take from a guilty plea is in a very few open limited - - actually they are very few limited and actually they're rather rare circumstances.  If, for example, there's some reason that the Government appeals your sentence, which I want you to know really does not happen very often.  If I were to impose an illegal sentence or a sentence that violated the Guidelines over what they call for and I didn't have a good reason for that, you could appeal, but that doesn't happen much I promise you.  Or if there are any errors in this proceeding, which - - as to which it would be a manifest injustice not to let you appeal, then you can appeal, but that doesn't happen very often.  Or, if there was some other reason that the courts decide after the fact that it's unfair not to let somebody have an appeal under certain circumstances, arguably then that gets reversed on appeal.  The point here, though, Mr. Carney, is that for purposes of what you're doing today, you really ought to have the working assumption that this is the end of the road and you can't go running off to another court and try to get out of this, understood? |
| Petitioner: | Yes. |
| Court: | If you plead guilty and if I accept your plea, do you understand that you will waive, meaning give up forever, your right to a further trial of any kind as well as all these other rights we've been talking about?  Do you understand that? |
| Petitioner: | Yes. |
| Court: | And that includes, by the way, the right to pursue what we call an indirect appeal, like looking for a writ of habeas corpus is an indirect appeal.  You give that up, too, understood? |
| Petitioner: | Yes. |
| Court: | Okay.  Do you understand all these rights we've been talking about? |

|  |  |
|---|---|
| Petitioner: | Yes.  Yes, I do. |
| Court: | Do you have any questions about any of them? |
| Petitioner: | No. |
| Court: | Do you think you need to consult with your lawyer about this? |
| Petitioner: | No, I don't. |

(223 Plea Hr'g Tr. 28:4-25; 29:1-25; 30:1-2, November 18, 2011.)

Petitioner further acknowledged the following:

|  |  |
|---|---|
| Court: | Mr. Carney, do you understand that if you get a longer or a tougher sentence than you might expect or if you're sentenced to prison and you find that prison is worse than you thought it would be, you understand you'll still be stuck with your plea? |
| Petitioner: | Yes. |
| Court: | And the same goes for the length or the conditions of supervision or any other feature of your sentence, understood? |
| Petitioner: | Yes. |
| Court: | And do you also understand then that nobody can guarantee you what sentence I will determine you have earned? |
| Petitioner: | Yes. |

(223 Plea Hr'g Tr. 37:10-23.)

|  |  |
|---|---|
| Court: | You realize, though, that no matter what the Assistant U.S. Attorney and you or your lawyer have to say about the Guidelines or even what you all say in terms of whether the Guidelines relate to your case or not or how they do, what you all say about the Guidelines is not binding on me.  It's the Court that has the job of deciding how the Guidelines will shape up as to you? |
| Petitioner: | Yes. |

4

|  |  |
|---|---|
| Court: | Right? |
| Petitioner: | Yes. |

(223 Plea Hr'g Tr. 39:20-25; 40:1-4.)

In addition to the foregoing, the plea agreement Petitioner signed specifically provides in pertinent part that "the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures" and "the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed."  (223 Plea Agreement, ¶ 9, ECF No. 642-3 at 4.)  Said agreement further provides:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.  This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
>
>     a.    Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
>     b.    If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>
>         (1)    the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above;
>
>         (2)    the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or
>
>         (3)    the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005),

>> imposed an unreasonable sentence above the final
>> Sentencing Guideline range determined by the Court.
>
> If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

(223 Plea Agreement ¶ 11, ECF No. 642-3 at 5-6.)

Claims such as the ones presented herein by Petitioner must be viewed with the understanding that "[g]enerally, in this Circuit, waivers of the right to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack."  *United States v. Joseph*, Crim. No, 10-233, 2014 U.S. Dist. LEXIS 66605, at *3 (W.D. Pa. May 15, 2014) (citing *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001); *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008)).  Review of the plea agreement in this case, coupled with the thorough colloquy conducted by Judge Pratter, clearly demonstrate that Petitioner knowingly and voluntarily waived his right to raise the majority of claims presented in the instant motion.

### B.     Ineffective Assistance of Counsel

Petitioner claims his counsel was ineffective for failing to negotiate the actual and intended loss for purposes of sentencing. (Mot. 6, ECF No. 634 at 4.)  When asserting a claim of ineffectiveness,

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. In essence, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" meaning "reasonableness under prevailing professional norms."

*Berryman v. Morton*, 100 F.3d 1089, 1093-1094 (3d Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

With regard to Petitioner's claim that counsel "never tried to negotiate the actual loss and intended loss for me," the same is belied by the record. The plea agreement signed by Petitioner contained the following Stipulation: "The base offense level is 7 pursuant to Section 2B1.1(a)(1) of the Sentencing Guidelines, which should be increased by 12 levels to reflect that the loss directly attributable to the defendant is $200,000 and less than $400,000, pursuant to Section 2B1.1(b)(1)(G)." (223 Plea Agreement, ¶ 9(a), ECF No. 642-3 at 4-5.) Plaintiff was aware of this at the time he signed the agreement and it was reiterated at the time he formally entered a plea of guilty on the record, as evidenced by his affirmative acknowledgement of same. (223 Plea Hr'g Tr. 21:9-25; 22:1-2.)

Moreover, Petitioner affirmed his satisfaction with counsel *after* he became aware of the losses as set forth in the plea agreement. Specifically, Petitioner acknowledged the following:

| | |
|---|---|
| Court: | And you do have a lawyer for this case, right? |
| Petitioner: | Yes. |
| Court: | And that's Mr. Bozzelli who's sitting there right next to you, correct? |
| Petitioner: | Yes, |
| Court: | Have you had time and a sufficient opportunity to talk about your case with him? |
| Petitioner: | Yes, I did. |
| Court: | And are you satisfied with his representation of you and with his advice? |
| Petitioner: | Yes, |

(223 Plea Hr'g Tr. 17:5-16.)

In fact, the court specifically inquired as to the losses during the plea hearing and after conferring with counsel, Petitioner acknowledged that he was aware of these terms and understood them.  (223 Plea Hr'g Tr. 20:15-25; 21:1-25; 22:1-13.)  *Subsequent* to the court's discussion on the record regarding the losses, Petitioner *again* confirmed that: (1) he read the terms of the plea agreement and Acknowledgment of Rights attachment "several times," (2) that he understood same before signing, and (3) that he thoroughly discussed each document with his attorney before signing same.  (223 Plea Hr'g Tr. 23:1-25; 24:1-6.)  Plaintiff was ultimately sentenced in accordance with the losses set forth in the plea agreement signed by Petitioner, the terms of which were reiterated on the record during the change-of-plea hearing.  Accordingly, this issue is without merit and counsel cannot be deemed ineffective regarding same.[3]

### B.  Applicability of Two-Level Enhancement

Petitioner's second claim is that the two-level enhancement for unauthorized use did not apply to him because he was only the driver in the conspiracy ring and allegedly "never stole or possess [sic] and never used anyones [sic] identification."  (Mot. 7, ECF No. 634 at 5.)  In making this claim, Petitioner concedes that he did not try to raise the issue on appeal, stating "i [sic] had to get past a waiver that i [sic] sign [sic] that limited me from certain appeal rights."  (Mot. 8, ECF No. 634 at 6.)  Petitioner is correct – his waiver prohibits collateral review of this

---

[3] In making this claim, Petitioner states that his attorney "never argued my direct appeal.  He took his self [sic] off of the appeal befor [sic] i [sic] could argue my direct."  (Mot. 6, ECF No. 634 at 4.)  Aside from the unlikelihood that counsel would assert his own ineffectiveness on appeal regarding this particular issue, clearly he recognized the fact that the issue was without merit.  As such, counsel cannot be deemed ineffective for failing to pursue same.  Moreover, at the time of sentencing, Petitioner was advised of his appellate rights and was told that he could apply for leave to proceed *in forma pauperis* if he could not afford to file an appeal on his own.  The August 13, 2013 summary affirmance Order issued by the Third Circuit specifically states that the court had before it a "Letter Response by Counsel for Appellant of No Position on Motion to Enforce Appellate Waiver and for Summary Affirmance," as well as Petitioner's "Pro Se Response to Motion to Enforce Appellate Waiver and for Summary Affirmance."  (USCA Order, ECF No. 537.)

issue.  However, for the sake of thoroughness, this Court will assess the merits of Petitioner's claim.

During the sentencing hearing, counsel for Petitioner argued that a two-level enhancement pursuant to Section 2B1.1(b)(11)(C)(i) of the Sentencing Guidelines should not apply.  Said Section, entitled "Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States" provides as follows:

> (11) If the offense involved (A) the possession or use of any (i) device-making equipment, or (ii) authentication feature; (B) the production or trafficking of any (i) unauthorized access device or counterfeit access device, or (ii) authentication feature; or (C)(i) the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or (ii) the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification, increase by 2 levels. If the resulting offense level is less than level 12, increase to level 12.

18 U.S.C.S. App'x § 2B1.1 b)(11).

Although Petitioner did not personally obtain the victims' account information or use the credit cards containing his co-defendant's name and the victims' account numbers, he gave the cards to said co-defendant.   As such, this Court found that Petitioner should have reasonably foreseen that the victims' information would be used in a fraudulent manner; particularly, that his co-defendant would use the cards — which he did.  *See* 18 U.S.C.S. App'x §1B1.3(a)(ii)(1)(B) ("[I]n the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity[.]")  Accordingly, a two-level enhancement on this basis was appropriate and Petitioner's claim is without merit.

### C. Reasonableness of Sentence

Lastly, Petitioner claims this Court "imposed an unreasonable sentence above the final sentencing guideline range with a 2 point enhancement." (Mot. 9, ECF No. 634 at 7.) It is now well-established that "following the Supreme Court's decision in *Booker*, a sentence will be upheld as reasonable if 'the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006) (quoting *United States v. Grier*, 449 F.3d 558, 574 (3d Cir. 2006)). The record herein speaks for itself in this regard. In particular, this Court meticulously articulated its consideration of the "3553 factors" after considering same in conjunction with the Sentencing Memoranda provided by all counsel, the Presentence Investigation Report, the testimony of several witnesses who appeared on behalf of Petitioner, Petitioner's testimony, and arguments by counsel.

Moreover, in light of this Court's finding that a 2-level enhancement was appropriate in this case, Petitioner's final adjusted offense level became twenty-two (22). Taking into account Petitioner's criminal category of six (6), the advisory guideline range became eighty-four (84) to one hundred five (105) months imprisonment. This Court sentenced Petitioner to ninety-six (96) months—well within the suggested range. Additionally, the five-year term of supervised release, Seven Hundred Dollar ($700.00) Special Assessment fee, and restitution order in the amount of Three Hundred Sixteen Thousand Eight Hundred Ninety-Two Dollars and Twenty Cents ($316,892.20) did not exceed statutory limits and were also within suggested guideline ranges. Further, Petitioner was not ordered to pay any fine. Accordingly, under no circumstances can the sentence imposed upon Petitioner by this Court be deemed "unreasonable."

**IV.     Conclusion**

For the reasons set forth hereinabove, Petitioner's Motion shall be denied in its entirety and a Certificate of Appealability shall not issue.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
_____
C. Darnell Jones, II      J.